**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PAUL PHILLIPS,                              :
     Plaintiff,                     :
                                    :
v.                                          :      CIVIL ACTION NO.
                                    :      3:07-cv-01455 (VLB)
CENTRIX, INC.,                              :
     Defendant.                     :      February 13, 2009

<u>MEMORANDUM OF DECISION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #24]</u>

     The defendant, Centrix, Inc. ("Centrix"), moves for summary judgment in this action filed by the plaintiff, Paul Phillips, pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 <u>et seq.</u>, and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 <u>et seq.</u>  Centrix argues that it is entitled to summary judgment because Phillips has failed to set forth sufficient evidence that would permit a reasonable jury to find that Centrix terminated Phillips because of his age.  For the reasons given below, Centrix's motion for summary judgment [Doc. #24] is GRANTED as to the ADEA claim, and the CFEPA claim is DISMISSED without prejudice to refiling in Connecticut Superior Court.

     The following facts are relevant to Centrix's motion for summary judgment. Centrix, which manufactures dental products, hired Phillips for the position of engineering manager.  Phillips replaced a 31-year-old employee who had been on leave from April 2003 to January 2004, when the employee resigned.  When

Phillips commenced his employment on February 2, 2004, he was 40 years old. On August 29, 2005, Centrix hired a new director of operations, David Saily, who was 56 years old and replaced Phillips's previous supervisor.  On July 14, 2006, Centrix terminated Phillips at the age of 42.  Saily made the decision to terminate Phillips, and Centrix's president approved that decision.  The reason given for terminating Phillips was that Centrix experienced financial problems and needed to cut costs, but Phillips alleges that Centrix terminated him because of his age. According to Phillips, the evidence of age discrimination was that some of his job duties were reassigned to a younger, less experienced employee named Ryan Dubey; that supervisors made discriminatory remarks about older employees; and that Phillips and three other Centrix employees were over age 40 when they were all terminated on July 14, 2006.

The Court first summarizes the facts relating to the reassignment of some of Phillips's job duties.  Phillips's job description required him to "[m]anage new product development, existing product and process improvements, project management, machinery maintenance, personnel supervision and plant maintenance."  [Doc. #24, Ex. A, tab 1]  In April 2006, Saily altered Phillips's job duties.  Saily decided that Phillips would oversee only projects relating to manufacturing, while the younger and less experienced Dubey would oversee projects relating to new product development.  Phillips and Dubey had previously worked on both kinds of projects.  Dubey, who reported to Phillips, was nine years younger than Phillips.

2

After Centrix terminated Phillips in July 2006, it divided his job duties between Dubey and Saily.  Phillips acknowledges that Saily assumed most of Phillips's responsibilities, but Phillips asserts that new product development was one of his major duties.  Phillips directs the Court to Centrix's response to Phillips's initial complaint of age discrimination before the Connecticut Commission on Human Rights and Opportunities (CHRO).  In that response, Centrix cited Dubey's oversight of new product development as a reason to retain him rather than Phillips.  Phillips therefore argues that Saily protected Dubey from termination at Phillips's expense by shifting oversight of new product development to Dubey.

As to the other evidence of age discrimination, Phillips identifies two allegedly discriminatory remarks made by supervisors about older employees. The first remark was made by Centrix's vice president of marketing, Leif Klein, to a 56-year-old director of creative services whom Centrix terminated in 2005. Klein allegedly told the employee that his "skills were getting old and dated and he should have realized that his skills were getting old and dated."  [Doc. #27, p. 4]  The second remark was made by Saily to a 59-year-old quality assurance inspector whom Centrix terminated on the same date as Phillips.  Saily allegedly said to the inspector:  "[Y]ou walk so damn slow."  [Doc. #27, p.4]  Phillips points out that he was one of four Centrix employees terminated on July 14, 2006, and that all four were over age 40.  Besides Phillips, the employees who were terminated on that date were a 46-year-old accountant, a 50-year-old production

3

supervisor, and the 59-year-old quality assurance inspector.

The Court now turns to the standard governing Centrix's motion for summary judgment.  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor."  Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004).  "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied."  Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006).  "The moving party bears the burden of showing that he or she is entitled to summary judgment."  Huminski, 396 F.3d at 69.  "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002).  "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor."  Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

"To withstand a motion for summary judgment, a discrimination plaintiff

must withstand the three-part burden-shifting [test] laid out by <u>McDonnell</u>

<u>Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . .

In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima

facie discrimination case, and is then aided by a presumption of discrimination

unless the defendant proffers a legitimate, nondiscriminatory reason for the

adverse employment action, in which event, the presumption evaporates and the

plaintiff must prove that the employer's proffered reason was a pretext for

discrimination."  <u>McPherson v. New York City Dept. of Education</u>, 457 F.3d 211,

215 (2d Cir. 2006).

       "The plaintiff must first establish a prima facie case by demonstrating that:

(1) [he] is a member of a protected class; (2) [his] job performance was

satisfactory; (3) [he] suffered [an] adverse employment action; and (4) the action

occurred under conditions giving rise to an inference of discrimination."

<u>Demoret v. Zegarelli</u>, 451 F.3d 140, 151 (2d Cir. 2006).  In the present case, it is

undisputed that Phillips satisfies the first three factors.  As to the fourth factor,

the Court determines that Phillips satisfies his minimal burden of establishing a

prima facie case of age discrimination because he was one of four Centrix

employees over age 40 who were all terminated on July 14, 2006.  The ADEA

protects employees who are at least 40 years old against discrimination on the

basis of age.  See 29 U.S.C. § 631(a).  The record indicates that just before the

terminations on July 14, 2006, Centrix had 91 employees, 26 of whom were less

than 40 years old.  Although nearly 30 percent of Centrix's workforce was under

5

age 40, not one of the four terminations on July 14, 2006, involved an employee under age 40.  That situation raises the inference that Centrix decided to terminate employees on that date on the basis of age.  Furthermore, Phillips asserts that new product development was one of his major duties, and Saily shifted that responsibility to Dubey, who was nine years younger than Phillips.  "[T]he fact that a replacement is substantially younger than the plaintiff is a . . . reliable indicator of age discrimination . . . ."  O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996).  Nine years is a substantial age difference and thus raises an inference of discrimination.  "Age differences of 8 or 9 years have been held to be sufficient."  Grosjean v. First Energy Corp., 349 F.3d 332, 339 (6th Cir. 2003) (citing cases and indicating that age differences of 10 years or more are generally held substantial).  On the basis of the four terminations of July 14, 2006, and the nine year age difference between Dubey and Phillips, the Court concludes that Phillips satisfies his minimal burden of setting forth a prima facie case.

Under McDonnell Douglas, the burden now shifts to Centrix to give a legitimate, nondiscriminatory reason for terminating Phillips.  Centrix cites its financial problems and need to cut costs as the reason for terminating Phillips.  "A restructuring and reorganizing of operations is a legitimate non-discriminatory reason for termination."  McCloskey v. Union Carbide Corp., 815 F. Supp. 78, 81 (D. Conn. 1993).  The Court therefore concludes that Centrix has met its burden under the second prong of McDonnell Douglas.

6

The burden shifts back to Phillips under the third prong of <u>McDonnell</u> <u>Douglas</u>.  Phillips must identify sufficient evidence that would permit a reasonable jury to find that Centrix's reason for terminating him was a pretext for age discrimination.  The evidence on which Phillips successfully established his prima facie case is not enough.  As to the four terminations of July 14, 2006, although all of the affected employees were over age 40, over 70 percent of Centrix's workforce was over age 40.  Under those facts, it is unsurprising that the four terminated employees, who represented about 4 percent of Centrix's workforce, were all members of the majority age classification.  As to the nine year age difference between Dubey and Phillips, Phillips acknowledges that most of Phillips's responsibilities were assumed by Saily after Phillips was terminated.  Saily was 56 years old when Phillips was terminated at the age of 42.  Dubey assumed Phillips's responsibilities for new product development, and although Phillips represents that those responsibilities were "major," that representation is inconsistent with his acknowledgment that Saily assumed most of Phillips's responsibilities.  Therefore, the four terminations of July 14, 2006, and the nine year age difference between Dubey and Phillips do not constitute sufficient evidence to permit a reasonable jury to find that Centrix's financial problems and need to cut costs were pretexts for age discrimination.

Phillips's only remaining evidence on which he could prove pretext is the allegedly discriminatory remarks made by supervisors about older employees.  Specifically, Klein, the vice president of marketing, told a 56-year-old director of

7

creative services that the director's "skills were getting old and dated," [Doc. #27, p. 4] and Saily told a 59-year-old quality assurance inspector that the inspector walked slowly.  Centrix later terminated both the director and the inspector.

"Verbal comments constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant's decision to discharge the plaintiff. . . .  Often, however, an employer will argue that a purportedly discriminatory comment is a mere 'stray remark' that does not constitute evidence of discrimination. . . .

"In determining whether a comment is a probative statement that evidences an intent to discriminate or whether it is a non-probative 'stray remark,' a court should consider the following factors:  (1) who made the remark, i.e., a decisionmaker, a supervisor, or a low-level co-worker; (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark, i.e., whether a reasonable juror could view the remark as discriminatory; and (4) the context in which the remark was made, i.e., whether it was related to the decisionmaking process."  Schreiber v. Worldco, LLC, 324 F. Supp. 2d 512, 518-19 (S.D.N.Y. 2004).

The United States Court of Appeals for the Second Circuit has clarified the proper manner in which a district court should consider allegedly discriminatory remarks.  "[T]he more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination. . . .  The more a remark evinces a discriminatory state of mind,

and the closer the remark's relation to the allegedly discriminatory behavior, the more probative that remark will be. . . .  Where we described remarks as 'stray,' the purpose of doing so was to recognize that all comments pertaining to a protected class are not equally probative of discrimination and to explain in generalized terms why the evidence in the particular case was not sufficient.  We did not mean to suggest that remarks should first be categorized either as stray or not stray and then disregarded if they fall into the stray category."  Tomassi v. Insignia Financial Group, Inc., 478 F.3d 111, 115-16 (2d Cir. 2007).

Therefore, the issue is whether the remarks by Klein and Saily are sufficiently probative of age discrimination such that the jury could reasonably find that Phillips was terminated because of his age.  The Court determines that the remarks are not sufficiently probative of age discrimination because their content could not reasonably be viewed as discriminatory on the basis of age.  Remarks about an employee's skills or the manner in which an employee walks are not directly tied to age.  Phillips concedes that the remarks alone would not even establish a prima facie case.  Therefore, the jury could not reasonably base a finding of pretext on those remarks.  Phillips is accordingly unable to meet his burden of proving pretext.

Centrix's motion for summary judgment [Doc. #24] is GRANTED as to Phillips's ADEA claim.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Phillips's CFEPA claim and DISMISSES that claim without prejudice to refiling in Connecticut Superior Court.  The Clerk

is directed to CLOSE this case.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  February 13, 2009.